POLSINELLI PC
Amy E. Hatch
Morgan C. Fiander
600 Third Avenue, 42nd Floor
New York, New York 10016
(816) 753-1000
ahatch@polsinelli.com
mfiander@polsinelli.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF UBS COMMERCIAL MORTGAGE TRUST 2018-C11, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-C11,<br><br>Plaintiff,<br><br>-against-<br><br>45 WEST 28TH, LLC; 47 W 28TH STREET, LLC; 51-55 W 28TH STREET, LLC; 49 W 28TH STREET, LLC; EAST COAST PETROLEUM, INC.; ROCKWAY FUEL OIL CORPORATION; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; NEW YORK BUREAU OF HIGHWAY OPERATIONS; SGR TRUST PURSUANT TO THE TRUST AGREEMENT DATED JUNE 14, 2011 MADE BY SHOSHANA LEVY, AS GRANTOR BY AND THROUGH ITS TRUSTEE, ERIC GOLDBERG; GALIT LEVY; RAFAELA LEVY; and JOHN DOE NO. I THROUGH JOHN DOE NO. XXX, inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,<br><br>Defendants. | Case No. 1:23-cv-7367 |

## COMPLAINT FOR MORTGAGE FORECLOSURE

Plaintiff Wells Fargo Bank, National Association, as Trustee for the Benefit of the Registered Holders of UBS Commercial Mortgage Trust 2018-C11, Commercial Mortgage Pass-Through Certificates, Series 2018-C11 ("**Plaintiff**"), by and through its attorneys, brings forth its cause of action against Defendants 45 West 28th, LLC; 47 W 28th Street, LLC; 51-55 W 28th Street, LLC; 49 W 28th Street, LLC; East Coast Petroleum, Inc.; Rockway Fuel Oil Corporation; City of New York Environmental Control Board, New York Bureau of Highway Operations, SGR Trust Pursuant to the Trust Agreement Dated June 14, 2011 Made by Shoshana Levy, as Grantor, by and through its trustee, Eric Goldberg, Galit Levy, Rafaela Levy and John Doe No. I through John Doe No. XXX and states as follows:

## PARTIES

1. Wells Fargo Bank, National Association ("**Wells Fargo**") is a national banking association organized under the laws of the United States. Wells Fargo serves as trustee for Registered Holders of UBS Commercial Mortgage Trust 2018-C11, Commercial Mortgage Pass-Through Certificates, Series 2018-C11 (the "**Trust**").

2. Defendants 45 West 28th, LLC ("**45 LLC**"); 47 W 28th Street, LLC ("**47 LLC**"); 51-55 W 28th Street, LLC ("**51-55 LLC**"); and 49 W 28th Street, LLC ("**49 LLC**" and, collectively and jointly and severally with 45 LLC, 47 LLC and 51-55 LLC, the "**Borrowers**") are limited liability companies formed under the laws of the New York having an office located at 261 West 35th Street, Ste. 201, New York, NY 10001.

3. Defendant East Coast Petroleum, Inc. is a corporation formed under the State of New York that can be served at c/o Steven L. Levitt & Associates PC, 340 Jackson Avenue, Bronx, New York 10454 and is named herein as the holder of certain mechanic's liens in the amounts of $25,727.77 (against 49 LLC) and $4,417.33 (against 45 LLC).

4.  Defendant Rockway Fuel Oil Corporation is a corporation formed under the State of New York that can be served at 729 East 140th Street, Bronx, New York 10454 and is named herein as the holder of a mechanic's lien in the amount of $10,007.69 against 49 LLC.

5.  Defendant City of New York Environmental Control Board is located at 233 Schermerhorn Street, 11th Floor, Brooklyn, NY 11201 and is named herein by virtue of certain Environmental Control Board Liens found of record against one or more of Borrowers.

6.  Defendant New York Bureau of Highway Operations is located at 295 Lafayette Street, New York, NY 10038 and is named herein as a party that may claim an interest in the property that is the subject of this mortgage foreclosure action by virtue of certain sidewalk liens found of record against one or more of Borrowers.

7.  Defendant SGR Trust Pursuant to the Trust Agreement Dated June 14, 2011 Made by Shoshana Levy, as Grantor, by and through its trustee, Eric Goldberg ("**Trust Guarantor**") is a trust with an address of 261 West 35th Steet, Ste. 201, New York, NY 10001 and is named herein as a guarantor of certain obligations owed with respect to the loan that is the subject of this mortgage foreclosure action.

8.  Defendant Galit Levy ("**G. Levy Guarantor**") is an individual residing in the State of New York who is located at 160 Riverside Blvd., Apt. 35A, New York, NY 10069 and is named herein as a guarantor of certain obligations owed with respect to the loan that is the subject of this mortgage foreclosure action.

9.  Defendant Rafaela Levy ("**R. Levy Guarantor**") is an individual residing in the State of New York who is located at 67-58 Austin Street, Forest Hills, NY 11375 and is named herein as a guarantor of certain obligations owed with respect to the loan that is the subject of this mortgage foreclosure action.

10. Defendants John Does I through XXX are currently unknown to Plaintiff, but, on information and belief, are tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the Complaint.

## JURISDICTION AND VENUE

11. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

12. In *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980) and *Americold Realty Tr. V. Conagra Foods, Inc.*, 577 U.S. 378 (2016), the United States Supreme Court confirmed a long-standing rule of jurisprudence that an express, "traditional" trust is not a juridical person—it is a fiduciary relationship—and, therefore, for purposes of diversity jurisdiction, only the citizenship of the trustee is considered. Courts sitting in the Second Circuit have adhered to the principles set forth in *Navarro* and *Americold* and held that the citizenship of the trustee of a traditional trust litigating in its own right, controls for the purposes of diversity jurisdiction. *See, e.g.*, *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017) ("because the party trusts here are not organized according to state law as distinct juridical entities but, rather, are traditional trusts, establishing only fiduciary relationships . . . it is the trustees' citizenship that must determine diversity"); *U.S. Bank N.A. v. 2150 Joshua's Path, LLC*, No. 13-CV-1598, 2017 WL 4480869, *3 (E.D.N.Y. 2017) (affirming that an express common law trust is deemed to have the citizenship of its trustee); *SPV-LS, LLC v. Bergman*, No. 15 CV 6231, 2019 WL 2257244, *16 (E.D.N.Y. 2019) ("For traditional trusts, it is the citizenship of the trustees holding legal right to sue on behalf of the trusts that is relevant to jurisdiction").

13. Plaintiff is a traditional trust, and its trustee, Wells Fargo, is the real party in interest. Plaintiff's trustee, Wells Fargo, brings this action in its own name and in its capacity as trustee.

The New York Civil Practice Law and Rules provides that a trustee of an express trust may sue in its own name. *See* N.Y. CPLR § 1004. Thus, for purposes of diversity jurisdiction, Plaintiff has the citizenship of its trustee. Plaintiff's trustee, Wells Fargo, is a national banking association and is a citizen of the state where the bank has its main office. Wells Fargo's main office is in San Francisco, California. Accordingly, Plaintiff is a citizen of California for purposes of federal diversity jurisdiction.

14. Defendant Borrowers are a limited liability companies which, for diversity jurisdiction purposes, have the citizenship of its members. The members of each of the Borrowers are Trust Guarantor, G. Levy Guarantor and R. Levy Guarantor (collectively, the "**Guarantors**"). The trustee of Trust Guarantor is a citizen and resident of the State of New York. G. Levy Guarantor and R. Levy Guarantor are both citizens and residents of the State of New York. Therefore, the citizenship of Borrowers and Guarantors for federal diversity jurisdiction purposes is New York.

15. Defendants East Coast Petroleum, Inc. and Rockway Fuel Oil Corp. are both corporations formed under the laws of the State of New York, and, for federal diversity purposes, reside in New York.

16. Finally, Defendants New York Environmental Control Board and New York Bureau of Highway Operations are New York governmental entities that, for the purposes of federal diversity jurisdiction, reside in New York.

17. Thus, there exists complete diversity between Plaintiff (California citizenship) and all Defendants (New York citizenship).

18. Borrowers are indebted to Plaintiff pursuant to a commercial mortgage loan transaction, as described in more detail below. The outstanding balance on the loan exceeds

$75,000.00. Accordingly, the amount in controversy is greater than the $75,000.00 threshold for diversity jurisdiction.

19. The action properly lies in the Southern District of New York as the real property which is the subject of this action lies in this judicial district, and all or substantially all of the events or omissions giving rise to the claims occurred in this judicial district. 28 U.S.C. § 1391(a)(2).

## STATEMENT OF FACTS

### *The Loan Transaction*

20. Plaintiff is the owner and holder of a certain loan (the "**Loan**"), which is evidenced by a certain Amended, Restated and Consolidated Promissory Note dated June 8, 2018 in the original principal amount of $21,300,000 (as amended from time to time, the "**Note**"), the makers of which are Borrowers. A true and correct copy of the Note is attached hereto as **Exhibit A**.

21. The terms and conditions of the Loan are set forth in that certain Loan Agreement dated June 8, 2018 (the "**Loan Agreement**"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit B**.

22. The indebtedness owed under the Note is secured by Borrowers' non-residential real property, and improvements thereon, with a street addresses of 51-55 West 28th Street, New York, NY 10001, 49 West 28th Street, New York, NY 10001, 47 West 28th Street, New York, NY 10001, 45 West 28th Street, New York, NY 10001, and all or substantially all of Borrowers' personal property, as set forth in the Security Instrument (as defined below) (collectively, the "**Property**").

23. Plaintiff is the owner and holder of that certain Amended, Restated and Consolidated Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing,

dated as of June 8, 2018, the grantors under which are Borrowers (as amended from time to time, the "**Security Instrument**"). The Security Instrument encumbers the Property and was duly recorded with the Office of the City Register of the City of New York, State of New York (the "**Register**"), on June 25, 2018, as CRFN 2018000208566, and the New York State recording tax was duly paid thereon. A true and correct copy of the Security Instrument, as recorded, is attached hereto as **Exhibit C.**

24. In connection with Borrowers' execution of the Note, Guarantors each executed that certain Guaranty of Recourse Obligations (the "**Guaranty**"), pursuant to which Guarantors absolutely and unconditionally guaranteed the payment of certain amounts owed under the Note, all as set forth in the Guaranty. A true and correct copy of the Guaranty is attached hereto as **Exhibit D.**

25. The Note, Loan Agreement, Security Instrument, Guaranty, and all other documents further evidencing, securing or executed in connection with the Loan are referred to herein collectively as the "**Loan Documents**."

26. Prior to the commencement of this action, the original lender with respect to the Loan, Societe Generale, assigned the Note and the Security Instrument to Plaintiff as evidenced by a certain Assignment of Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated July 10, 2018 and recorded with the Register on August 15, 2018 in CRFN 2018000273285. A true and correct copy of the recorded assignment is attached hereto as **Exhibit E**.

27. The original Loan Documents, including the Note together with an Allonge affixed to the Note making the Note payable to Plaintiff, were delivered to Plaintiff, and, thus, Plaintiff is the current holder and owner of the Loan Documents.

28. Prior to the commencement of this action, Plaintiff has been in exclusive possession of the original Note and has not transferred the same to any other person or entity.

*<u>Default Under the Loan Documents</u>*

29. The Loan Documents provide, among other things:

    a. Borrowers shall make monthly payments of principal and interest and other amounts;

    b. in the event of a default by the Borrowers, the entire unpaid principal, accrued interest, and all other amounts payable under the Loan Documents may be accelerated at Plaintiff's option;

    c. in the event of a default by the Borrowers, Borrowers' licenses to collect the rents generated by the Property may be revoked;

    d. in any action to foreclose, Plaintiff shall be entitled to the appointment of a receiver without notice or regard to value;

    e. Plaintiff shall be entitled to legal expenses, costs and fees; and

    f. in the event of a default by the Borrowers, interest at the default rate set forth in the Loan Documents shall be owed by the Borrowers.

30. Borrowers defaulted under the Loan Documents by failing to pay the debt due and owing under the Note as provided for therein. Thereafter, Plaintiff, Borrowers and Guarantors executed that certain Forbearance Agreement dated effective as of July 2, 2021 (the "**Forbearance Agreement**"), pursuant to which Plaintiff agreed to forbear from the enforcement of certain rights and remedies, as set forth in the Forbearance Agreement. In the Forbearance Agreement, Borrowers released Plaintiff from all claims arising from or in connection with the Loan

Documents and agreed to perform under the Loan Documents, as provided for therein.  A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit F**.

31. Borrowers failed to comply with the terms of the Forbearance Agreement. By letter dated July 18, 2023, Plaintiff provided notice to Borrowers that Borrowers were in default under the terms of the Forbearance Agreement and Loan Documents.  Plaintiff made demand that Borrowers cure certain defaults.  A true and correct copy of the default letter sent by Plaintiff is attached hereto as **Exhibit G**.

32. Borrowers failed to cure the defaults under the Forbearance Agreement and Loan Documents.  As a result, a Termination Event (as defined in the Forbearance Agreement) occurred, and Plaintiff elected to accelerate the debt due and owing under the Note. A true and correct copy of the acceleration notice sent to Borrowers is attached hereto as **Exhibit H.**

*Amounts Due Under the Loan Documents*

33. As of August 18, 2023, the following amounts will be due and owing under the Note:  the unpaid principal balance in the amount of $19,300,000; past due interest in the amount of $460,412.21; past due default interest in the amount of $3,032,680.56; protective advances for taxes in the amount of $8,794.35; special servicing fees in the amount of $10,000; advances for title costs, inspection reports and appraisals in the amount of $16,745.00; interest in advances in the amount of $6,774.82; administrative fees in the amount of $9,750.00; liquidation fee in the amount of $193,000; and any and all other fees and costs, including, without limitation a prepayment premium, incurred by Plaintiff, both to date and hereafter, in connection with the collection of the amounts due and owing under the Loan Documents for the protection, preservation and realization of the Property, including processing fees, late charges, inspection fees, environmental fees, appraisal fees, expenses, administrative fees, servicing fees, attorneys'

fees, and costs incurred in connection with the issuance of the third-party reports in connection with the Property.

### *Right to Possession and Rents*

34. Under the Security Instrument, upon a default thereunder, Plaintiff is entitled to collect and receive the rents and the value of the use and occupation of the Property. Plaintiff is also entitled to an order directing all rents, issues and profits from the Property be remitted to Plaintiff in accordance with the terms of the Security Instrument and other Loan Documents and directing that any such amounts be used to reduce the indebtedness described above.

### *Right to Foreclosure*

35. Under the Security Instrument, upon an event of default, Plaintiff has the right to institute a proceeding for foreclosure. Thus, Plaintiff is entitled to an Order from the Court that the Security Instrument be foreclosed, that the liens provided therein be declared as first and prior liens on the Property, and that Plaintiff be granted the right of immediate possession of the Property.

36. No other action is pending to recover any part of the debt under the Security Instrument, Note, or other Loan Documents.

37. Plaintiff may not be deemed to have waived, altered, released, or changed its election to foreclose by reason of any payment made after the date of commencement of this action of any and all of the defaults identified herein.

38. Plaintiff specifically reserves the right to pursue a temporary injunction, appointment of receiver, or other relief with respect to its rights under the Loan Documents. Pursuant to N.Y. Real Prop. Acts. Law §1371, Plaintiff may elect to move the Court to enter final

judgment against Borrowers and Guarantors for any residue of the debt under the Note remaining unsatisfied after the foreclosure sale of the Property is completed.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff for foreclosure of the Property as follows:

  A. Finding that Plaintiff has a first and best lien on the Property;

  B. Ordering that Plaintiff has the legal right and is authorized to foreclose on the Property:

    (i) in one parcel according to law together with the fixtures and articles of personalty upon the premises;

    (ii) subject to zoning restrictions and ordinances adopted by any municipality or other governmental authority, and violations thereof;

    (iii) subject to any state of facts that an accurate survey would show;

    (iv) subject to covenants and restrictions of record, if any; and

    (v) subject to violations, if any, noted by any federal, state, city, town or village agency having authority over the premises;

  C. Finding that such foreclosure will vest in the purchaser thereat free and clear title to the Property, free of any and all interests that are or might be asserted by the Defendants to this Complaint;

  D. Ordering that Plaintiff has the right to credit bid at such foreclosure sale any and all amounts due to Plaintiff under the Loan Documents;

  E. Ordering and directing that the Sheriff of New York County, New York, or any referee appointed in this action, foreclose the Property and deliver title via a Sheriff's

Deed or Referee's Deed, and bill of sale, as appropriate, to the successful bidder at such foreclosure;

      F.      Ordering and directing that the proceeds of the sale be applied as follows:

           (i)      to payment of the expenses of the sale;

           (ii)      to the payment of the debt owed to Plaintiff under the Notes;

           (iii)      to the payment of foreclosure costs and other accrued costs in connection with the foreclosure;

           (iv)      to the payment, at Plaintiff's option, of any real property taxes that may be due and unpaid in connection with the Property;

           (v)      to the payment, at Plaintiff's option, of all other assessments against or attributable to the Property; and

           (vi)      the surplus, if any, to the payment of debts secured by junior liens on the Property and then, to Borrowers, in accordance with further order of the Court;

      G.      Ordering that Borrowers have no right of redemption or reinstatement with respect to the Property;

      H.      Finding that Plaintiff has preserved its right to pursue any deficiency that may exist under the Notes and other Loan Documents after application of the proceeds of the foreclosure sale pursuant to N.Y. Real Prop. Acts. Law §1371 and may move the Court to enter final judgment against Borrowers and Guarantor for such deficiency; and

      I.      Ordering all further relief is just, proper, and equitable.

Dated: August 18, 2023

POLSINELLI PC

By: *___/s/ Amy E. Hatch___________*

AMY E. HATCH
MORGAN C. FIANDER
600 Third Avenue, 42nd Floor
New York, New York 10016
(816) 753-1000
ahatch@polsinelli.com
mfiander@polsinelli.com

ATTORNEYS FOR PLAINTIFF